# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DIANA LEWIS,

        **Plaintiff,**

v.                                               **CIV No. 06-0434 LH/ACT**

D.R. HORTON, INC.,

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court for consideration of three motions that are addressed to inter-related[1] issues:  D.R. Horton, Inc.,'s Motion to Dismiss for Lack of Service (Docket No. 6)[2];  Motion to Strike Defendant's Motion to Dismiss Pursuant to F.R.C.P. 12(H)(1) and Memorandum in Support (Docket No. 10); and Motion to Compel Clerk of Court to Execute Plaintiff's Request for an Entry of Default and Make an Entry of Default Pursuant to FED.R.CIV.P. Rule 55(a)(Docket No. 11).  Defendant contends that the case must be dismissed because the complaint was never properly served.  Plaintiff counters with the position that the complaint was properly served, and that Defendant is in default due to a failure to timely file an answer, or

---

[1]  The Court will address all three motions in one opinion, partly because, in lieu of a full response to Defendant's motion to dismiss, Plaintiff referred the Court to her argument and exhibits contained in her motion to strike and in her motion to compel.  Similarly, Defendant has filed a joint response to Plaintiff's motion to strike and to her motion to compel.

[2]  The full title of this document, which is overly long and cumbersome, is:  "D.R. Horton, Inc.'s Motion to Dismiss for Lack of Service (Resulting in a Lack of Personal Jurisdiction) Within 120 Days Based on Federal Rule of Civil Procedure 4(M) and Memorandum Brief in Support Thereof."

otherwise respond, to the complaint. The Court, having considered the motions, memoranda and relevant case law, concludes that all three of these motions shall be **denied**.

## Service of Process Issue

The Court will first address whether or not the complaint was timely and properly served. FED.R.CIV.P. 4(m) provides, in relevant part:

> **Time Limit for Service**.  If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time;  provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

FED.R.CIV.P. 4(h) provides that service upon corporations shall be effected in one of two ways:   (1)  in the manner prescribed for individuals by subdivision (e)(1); or, (2) by delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process.  Subdivision (e)(1) of Rule 4 states that service may be effected in any judicial district of the United States pursuant to the law of the state in which the district court is located, or in which service is effected.

It is undisputed that service was not made by directly delivering a copy of the summons and complaint to an officer, managing or general agent, or to any other agent authorized by appointment or by law to receive service of process.  Accordingly, the second of the available options for service does not apply to the facts in this case.

The second option may apply however.  New Mexico is both the state in which this district court sits and the state in which the service of process is to be accomplished.  It is, therefore,

appropriate to review its relevant law.  N.M.Stat. § 38-1-6 provides:

> In all personal actions brought in any court of this state against any foreign corporation, process may be served upon any officer, director or statutory agent of the corporation, either personally or by leaving a copy of the process at his residence or by leaving a copy at the office or usual place of business of the foreign corporation.

New Mexico Rule of Civil Procedure 1004(G) provides that service may be made upon:

> (a)  a domestic or foreign corporation . . . by serving a copy of the process to an officer, a managing or a general agent or to any other agent authorized by appointment, by law or by this rule to receive service of process. . . .
>                         . . . .
> (2) . . . If none of the persons mentioned is available, service may be made by delivering a copy of the process or other papers to be served at the principal office or place of business during regular business hours to the person in charge.

　　　The complaint in this matter was filed on May 23, 2006.  The return of service was filed with the Court on September 20, 2006, indicating that service of process was made upon Defendant on September 19, 2006, exactly 120 days after the filing of the complaint.

　　　The stated name of the process server is Richard Morning Gun.  He checked the box on the return of service form, in front of the printed sentence, "Served personally upon the defendant."  In the blank following "Place where served" Mr. Morning Gun wrote, " D.R. Horton New Mexico.  Div. Main Office 4400 Alameda NE, Suite B Albuq. NM 87113."   Mr. Morning Gun executed the declaration of server form on September 19, 2006, to the effect that the information contained in the return of service was true and correct.  Based upon the contents of the return of service, I conclude that service was timely made upon the office of the defendant corporation, on September 19, 2006, within the 120 day deadline contained in FED.R.CIV.P. 4(m).

It is now incumbent upon the Court to determine if service of process was effectively made. Plaintiff has filed two affidavits Mr. Morning Gun, which outline his actions in serving the summons and complaint upon the receptionist in the Albuquerque office of defendant corporation.  The first of these was filed on November 3, 2006.    Defendant subsequently filed the affidavit of the receptionist who was in its office on the day in question, September 19, 2006, Lisa Bahrenburg.  A second affidavit of Mr. Morning Gun was subsequently filed in response to Ms. Bahrenburg's affidavit.  The Morning Gun and Bahrenburg affidavits contradict  each other insofar as what the actions and knowledge of Ms. Bahrenburg were, relating to Mr. Morning  Gun's purpose in being at the Horton office.

Ms. Bahrenburg's affidavit begins with the statement that she has read the Morning Gun affidavit, to the effect that he served the summons and complaint on her.  Ms. Bahrenburg explicitly states that Defendant had not given her the authority to accept service of any summons and complaint, that she would never tell anyone that she had such authority, and that she never saw any summons or complaint in the above-referenced case.  (Aff.  ¶¶ 3, 4).  Further, she states that if someone delivered such a document in an envelope, she would not have had authority to open the envelope, and that she would not have opened the envelope (*Id*. ¶ 4).

While Ms. Bahrenburg states that she did not actually see the summons or complaint, she does not deny that Mr. Morning Gun delivered something to the Horton office on the day in question. The bottom line on this issue is that Mr. Morning Gun's affidavit, to the effect that he states that he delivered the summons and complaint to the Horton office on September 19, 2006, and handed it to the receptionist, coupled with the facts set forth in the executed return of service, are undisputed.

According to the Court's reading of New Mexico statutes and rules, Plaintiff's service of process on Defendant was effective.  It is undisputed by the parties that Plaintiff's process server served Defendant by leaving a copy of the summons and complaint with a receptionist employed by the defendant corporation, at the "office or usual place of business of the foreign corporation."  N.M. Stat. §38-1-6.  Under New Mexico Rule 1-004(G), "service [was] made by delivering a copy of the process or other papers to be served at the principal office or place of business during regular business hours to the person in charge."  *See also, Martinez v. Farmington Medical Investors Limited Partnership, et al.,* 06cv0112 BRB/RHS (D.N.M., June 14, 2006).

The central function of service of process under Rule 4 is to provide notice that a legal action has been filed, and to provide this notice in such a manner and at such a time that the defending party will have a fair opportunity to answer the pleading and raise defenses and objections.  *See Henderson v. United States*, 517 U.S. 654, 672 (1996).  While the opposing affidavits differ in many respects, the Court concludes that the overall purpose of the rule is met by the undisputed and material facts.  Defense counsel entered their appearance on October 12, 2006 –  23 days after the summons and complaint were delivered to Defendant's office on September 19, 2006.  This timing of this entry of appearance further indicates that Defendant was served in a manner and time that afforded it a fair opportunity to answer the pleading and raise defenses and objections.  It is noteworthy also that federal courts generally take a permissive attitude towards the mechanism employed for service of process when the defendant actually receives notice.  *Kitchens v. Bryan County Nat'l Bank*, 825 F.2d 248, 255-56 (10th Cir. 1987).


**Default Judgment Issue**

As above-noted, twenty-three days after service of process, on October 12, 2006, counsel for Defendant filed a Special Entry of Appearance for D.R. Horton, Inc. (Docket No. 4).  Plaintiff filed a Praecipe to Clerk for Entry of Default, and an affidavit in support thereof, two weeks later, on October 26, 2006 (Docket Nos. 7 and 8).  The next day, on October 27, 2006, fifteen days after their entry of appearance, defense counsel filed a motion to dismiss for lack of service (Docket No. 6).

An answer generally must be served twenty days after service of the summons and complaint.  FED.R.CIV.P.12(a)(1)(A).  In lieu of an answer, a motion permitted by Rule 12(b) may be served within the twenty-day period.  *See* FED.R.CIV.P.12(a)(4)(A)(b).  If a party fails to answer or otherwise defend[3], a default may be entered against the party.  FED.R.CIV.P. 55(a).

Defendant did not file an answer or otherwise defend within the requisite twenty-day period, and consequently, Defendant is in default.[4]  Consequently, the question remaining before the Court is whether or not default judgment should be entered against Defendant.

Default judgments are generally avoided by the courts, because there is a strong policy in favor of decisions on the merits, and against resolution of cases through default judgments.  *Gulf Coast Fans, Inc. v. Midwest Elec. Importers, Inc.*, 740 F.2d 1499, 1510 (11th Cir. 1984).

The disposition of a motion for entry of a default judgment by the Court lies within the

---

[3] The rule does not define the term "otherwise defend."  The cases, however, agree that the term includes the sort of motions that may be made under Rule 12, or any other motions that indicate that the responding party is resisting the claims against it.  10 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 55.10[2][b] (3d ed. 2006).  For example, the Fifth Circuit has stated that "the words 'otherwise defend' refer to attacks on service, or motions to dismiss . . . . *Bass v. Hoagland*, 172 F.2d 205, 210 (5th Cir. 1949).

[4]The Court notes that defense counsel filed a notice of appearance in this matter, prior to filing a motion to dismiss.  The filing of a notice of an appearance in an action, however, does not prevent entry of default if the defending party does not also plead or otherwise defend against the action.  10 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 55.10[2][c] (3d ed. 2006).

Court's sound discretion.  Even when the defendant is technically in default, as in this instance, a plaintiff is not entitled to default judgment as a matter of right.  In deciding whether to enter default judgment, the Court may consider a variety of factors:  whether defendant's failure to plead or otherwise defend was due to inadvertence, and was not due to bad faith, and whether or not plaintiff was prejudiced, *see Grandbouche v. Clancy*, 825 F.2d 1463, 1468 (10th Cir. 1987); and whether defendant's failure to plead or otherwise defend was merely technical or *de minimis*, and whether or not it resulted from dilatory tactics or bad faith, *see Sanderford v. Prudential Ins. Co.*, 902 F.2d 897, 901 (11th Cir. 1990).  In this instance, the Court is convinced that Defendant's failure to timely plead or otherwise defend was merely a technical or *de minimis* error, that it was due to inadvertence, and that it was not the result of dilatory tactics or bad faith.  Plaintiff has shown no evidence of prejudice due to this slight delay.  For these reasons, the Court declines to enter default judgment against Defendant.

**WHEREFORE**, for the reasons stated herein,

**IT IS HEREBY ORDERED THAT;**

1.  D.R. Horton, Inc.,'s Motion to Dismiss for Lack of Service (Resulting in a Lack of Personal Jurisdiction) Within 120 Days Based on Federal Rule of Civil Procedure 4(M) and Memorandum Brief in Support Thereof (Docket No. 6) is **denied;**

2.  Motion to Strike Defendant's Motion to Dismiss Pursuant to F.R.C.P. 12(H)(1) and Memorandum in Support (Docket No. 10) is **denied**; and,

3.  Motion to Compel Clerk of Court to Execute Plaintiff's Request for an Entry of Default and Make an Entry of Default Pursuant to FED.R.CIV.P.  Rule 55(a)(Docket No. 11) is **denied**.

**IT IS FURTHER ORDERED** that Defendant shall file an answer within twenty (20) days of the filing of this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

**SENIOR UNITED STATES DISTRICT JUDGE**