**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

DIANA LEWIS,

      Plaintiff,

      vs.                                            Civil No. 06-0434 WJ/ACT

D.R. HORTON, INC.,

      Defendant.

**MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court upon Plaintiff's Objections (Doc. 144) to the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 143). Having considered the parties' briefs, oral arguments of counsel and the applicable law, I find that Plaintiff's objections are not well-taken and will be overruled.[1]

**Background**

A.    Postural Background

In this employment discrimination case, Plaintiff asserts claims brought under Title VII based on gender, and the Equal Pay Act. Defendant filed a Motion for Summary Judgment (Doc. 103) which was referred to Magistrate Judge Alan C. Torgerson for recommendation of an ultimate disposition of pending motions in the case. Doc. 141.[2] Judge Torgerson issued findings

---

[1] A hearing was held on Plaintiff's objections on November 12, 2008. Plaintiff was allowed to supplement the record responding to cases provided by Defendant during that hearing. See Doc. 155.

[2] At the time the case was referred, the undersigned was presiding judge over the criminal case of USA v. Martinez, et al., Criminal No. 07cr615, involving allegations of public corruption in connection with the construction of the State of New Mexico Metropolitan

and a recommended disposition to dismiss Plaintiff's claims on the merits. Plaintiff filed objections to the Magistrate Judge's findings, and Defendant has responded to those objections. A hearing was held before the undersigned to address these objections on November 12, 2008.

B.  General Background

Plaintiff was hired by Defendant Horton ("Horton") in 1999 as the accounting manager, and continued working at Horton until May 2005 holding several job titles, including Controller, VP/Controller, and VP of Financial Operations/Division Controller.  Prior to her employment with Horton, Plaintiff spent approximately four years in the home building industry.  Mark Ferguson ("Ferguson") was President of the New Mexico division of Horton, and was responsible for hiring Dean Anderson ("Anderson") for the newly created position of CFO at the New Mexico division.  Defendant's hiring of a CFO resulted in changing Plaintiff's position from VP/Controller to Controller.  It also meant that Plaintiff would no longer be entitled to participate in the written bonus plan, which was based on division performance and was subject to change from year to year.  This bonus accounted for a large measure of Plaintiff's salary in those time periods for which bonuses were awarded.[3]

Plaintiff asserts that Horton treated her differently than Anderson in violation of Title VII because Anderson was paid more than Lewis.  In terms of her Equal Pay Act claim, Plaintiff argues that she was replaced by Anderson and that Anderson earned substantially more than she did for performing the same work.  In addition, Lewis asserts that when she was taken out of the

---

Courthouse in downtown Albuquerque. The five defendant criminal case had been set for an estimated two-month trial in September of 2008.  The posture of the case has since changed.

[3] In 2004, Plaintiff's base salary was $56,000, and her bonus was $65,465.16.  The newly hired CFO, Dean Anderson, earned $120,000 annually plus bonus.  In 2006, Anderson's total compensation was $253,883.

written bonus pool and was asked to go to the Land Department she was constructively discharged.

I. **Review of Magistrate Judge's Proposed Findings and Conclusions on Plaintiff's Claims**

As the presiding judge on this case, I am required to make a de novo determination of those portions of Judge Torgerson's findings or recommendations to which objections were made. 28 U.S.C. § 636(b)(1)(C). See also Fed.R.Civ.P. 72(b)(3) (district judge must determine de novo any part of magistrate judge's disposition of dispositive motions that has been properly objected to). In conducting this de novo review, however, I find that it is unnecessary to reiterate either the very thorough presentation of undisputed facts set out by the Magistrate Judge, or to re-analyze the legal issues raised by the parties and addressed by the Magistrate Judge. Instead, the Court's focus will be Plaintiff's objections to the Magistrate Judge's findings. Matters not raised in Plaintiff's objections are considered waived.[4] However, a summary recapitulation of the those findings may be helpful, as it provides a conceptual framework for Plaintiff's objections.

The Magistrate Judge found it appropriate to analyze Plaintiff's Title VII claims as claims of disparate treatment and discriminatory discharge. Plaintiff's allegations of pay discrimination and discriminatory demotion were treated as allegations of different adverse actions under the disparate treatment theory. Plaintiff's claim of constructive discharge was

---

[4] The Tenth Circuit has adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate. The waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions. However, the waiver rule as a procedural bar need not be applied when the interests of justice so dictate. Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991) (citations and footnote omitted); see also, Niehaus v. Kansas Bar Association, 793 F.2d 1159, 1164-65 (10th Cir. 1986).

treated as a claim for discriminatory discharge under Title VII, following Tenth Circuit law regarding constructive discharge. See, e.g., Sanchez v. Denver Pub. Sch., 164 F.3d 527, 533 (10th Cir. 1998). The EPA claim was analyzed separately, under United States Supreme Court law and Tenth Circuit precedent. Thus, for Plaintiff's Title VII claims, the issue is whether Plaintiff satisfied her overriding burden of proving pretext. See Tx. Dept. of Comm. Affairs v. Burdine, 450 U.S. 248, 253 (1981) (In employment discrimination suit, the ultimate burden of persuading trier of fact that defendant intentionally discriminated against plaintiff remains at all times with plaintiff). In the context of Plaintiff's EPA claim, the issue is whether Defendant paid Plaintiff less than Anderson in performing substantially equal jobs.[5]

A.   Disparate Treatment Claims

The Magistrate Judge assumed Plaintiff suffered an adverse employment action, based on Plaintiff's allegations of pay decrease and demotion. However, Plaintiff could not establish a prima facie case of discrimination because she did not present evidence that she and Anderson were similarly situated.[6] Plaintiff and Anderson had different job duties and responsibilities. Even assuming that Anderson and Plaintiff were similarly situated, the Magistrate Judge found that Horton gave legitimate non-discriminatory reasons for their decisions concerning Plaintiff.

---

[5] Both the Equal Pay Act and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 (1976), provide remedies for sex discrimination in the workplace. While the Equal Pay Act addresses only wage disparities between employees performing "equal work," the prohibitions of Title VII are much broader. Goodrich v. International Broth. of Elec. Workers, AFL-CIO, 712 F.2d 1488, 1490 (C.A.D.C., 1983).

[6] The plaintiff bears the initial burden to establish a prima facie case of discrimination in a disparate treatment case, which is met by showing that (I) she is a member of a protected class; (ii) she suffered an adverse employment action; and (iii) similarly situated employees were treated differently. Trujillo v. Univ. of Colo Health Sciences Ctr., 157 F.3d 1211, 1215 (10th Cir. 1998).

Horton presented evidence that the company was growing, that it was subject to more financial reporting requirements (as a result of increased federal regulation following the Enron scandal) and that the company was suffering certain deficiencies in the accounting staff.

B.   Constructive Discharge Claim

Judge Torgerson addressed the constructive discharge as a discriminatory discharge claim, assuming that Plaintiff satisfied a prima facie case.[7] He found that Defendant presented legitimate, non-discriminatory reasons for changing Plaintiff's duties and responsibilities and decreasing her pay:

> Horton has offered legitimate non-discriminatory reasons for changing Lewis' duties and responsibilities and decreasing her pay. Horton states in its brief three reasons supported by the undisputed facts: the New Mexico division was large enough to justify a controller and a CFO and a CFO was hired; the CFO position is a position different from the controller position; and Ferguson based Anderson's salary on negotiations, market conditions, what Anderson made previously, and Anderson's work history and skills. It is apparent from the undisputed facts that a CFO was hired because Horton had and was growing, the government had imposed more financial reporting requirements, and there were deficiencies in the existing staff.

Doc. 143, ¶ 62. The Magistrate Judge further found that Plaintiff failed to present facts which suggested pretext on the part of Defendant, and addressed the deficiencies in those facts which were presented by Plaintiff as evidence of pretext. Finally, Judge Torgerson focused on what the Court considers to be the critical failing in Plaintiff's Title VII claim: an absence of any evidence from which to infer gender-based animus.

---

[7] Judge Torgerson applied the standard for a prima facie case for discriminatory discharge under Tenth Circuit law, where a plaintiff must show that: (1) she belonged to a protected class; (2) she was qualified for the position; (3) she was discharged; and (4) the position was not eliminated after her discharge. See, Adamson v. Multi Cmty. Diversified Servs., 514 F.3d 1136, 1150 (10th Cir. 2008); Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220, 1229 (10th Cir. 2000).

C.	Equal Pay Act Claims

Plaintiff's Equal Pay Act ("EPA") claims failed as a result of the Magistrate Judge's finding that Plaintiff did not raise an issue of fact regarding whether she and Anderson performed "equal work." The Magistrate Judge also found that Horton met its burden as a defense to the EPA claim that it paid Anderson more than Lewis because of factors other than her gender, for example, Anderson's greater experience in the home building industry and his performance of CFO responsibilities for two homebuilders prior to his employment with Horton. Judge Torgerson rejected Plaintiff's various arguments that she performed substantially similar duties as Anderson, based on the evidence on the record, and ultimately found that Plaintiff did not establish a prima facie case for her EPA claims.

**II.	Objections**

Plaintiff objects specifically to the following paragraphs in the Magistrate Judge's Findings and Proposed Recommendation: ¶¶ 4-11, 17-20, 22, 40-42, 49, 51, 55, 62-69, and 73-78. Plaintiff's objections can be grouped into several categories: (1) inclusion of what Plaintiff considers to be "immaterial facts" by the Magistrate Judge; (2) exclusion of what Plaintiff views as "material facts"; (3) application of the wrong legal standard for Plaintiff's Title VII claims; (4) error in the Magistrate Judge's finding regarding "equal work" under the EPA; and (5) error in findings regarding the EPA affirmative defense.

A.	Materiality of Facts Cited (or Excluded) by Magistrate Judge

This group consists of Plaintiff's objections to ¶¶ 4-11, 17-20 and 22, which Plaintiff contends included facts which are immaterial to the relevant issues. My review of the facts on which the findings are based reveals that both the facts and the findings deal with (a) what was going on in Horton around the time Horton modified Plaintiff's position and decided to hire a

CFO, and (b) evidence concerning Plaintiff's work performance. Without providing any reason or legal basis for her position, Plaintiff simply states that these findings include immaterial facts. I cannot imagine facts *more* relevant or material to the issues because they go to the legitimacy of Defendant's proffered legitimate reasons for its actions. It is worth mentioning (as Defendant did at the hearing) that Plaintiff does not dispute the accuracy of the facts which she considers "immaterial." These objections are overruled because I find that these facts are material to Plaintiff's claims.

Plaintiff also challenges the Magistrate Judge's exclusion of certain "material" facts (as viewed by Plaintiff) as immaterial. Based on my review of these facts against the record, these facts *were* considered by the Magistrate Judge or were in fact immaterial. For example, Plaintiff contends that the Magistrate Judge either excluded, or characterized as immaterial, the fact that Plaintiff was the Vice-President of Financial Operations/Division Controller and head of the accounting department. This *was* considered by the Magistrate Judge as both material and undisputed. Doc. 144, Prop. Finding. 12. This objection is also overruled.

The bulk of the other facts cited by Plaintiff as having been disregarded by the Magistrate Judge can fairly be characterized as Plaintiff's self-serving statements that her job duties included duties and responsibilities of a CFO. However, a plaintiff's perception of her performance is not reliable, particularly where it was not supported by evidence. See Simms v. Oklahoma ex rel. Dep't of Mental Health and Substance Abuse Servs., 165 F.3d 1321, 1329 (10th Cir.1999) (plaintiff's own assessment of his performance is not reliable evidence, and therefore the Court will not rely on it). Based on my review of the Magistrate Judge's analysis, the Magistrate Judge did not so much ignore Ms. Lewis' testimony as decline to make that testimony determinative of the issues. This analysis was correct. Ms. Lewis' testimony that she

performed the same duties, without providing a breakdown of what those duties were or any corroborating documentation, was inadequate as evidence that she performed substantially similar duties as Anderson.  See Salguero v. City of Clovis, 366 F.3d 1168, 1177 n. 4 (10th Cir.2004) (noting that the Tenth Circuit has "repeatedly held" that a nonmovant's conclusory and self-serving affidavit, without other supporting evidence, is insufficient for the purpose of surviving summary judgment).

Plaintiff's contentions in the Supplemental Memorandum (Doc. 155) suffer from the same infirmity.  Plaintiff argues that the "appropriate comparison" is between Plaintiff's duties and responsibilities before Anderson became CFO.  This contention has no merit because the Magistrate Judge *did* consider Plaintiff's job duties before and after Anderson was hired.[8]  Plaintiff does not offer anything in the Supplement, by way of facts or legal argument as a basis to find that the Magistrate Judge's analysis covered the wrong time period.

In her list of wrongly excluded "material" facts, Plaintiff also includes facts which are indeed immaterial, and which were correctly not considered by the Magistrate Judge.  For example, Plaintiff refers to Ferguson's deposition statement in which he states that Ms. Lewis had the set of skills required for the CFO position.  Ex. 24 at 41:8-15.  Whether Plaintiff *would have been* performing CFO duties, had she been given the CFO position, is immaterial to Plaintiff's asserted Title VII and EPA claims where she must prove that she was receiving less pay for *actually* performing those duties.

Plaintiff also mischaracterizes facts which she contends are material.  For example, Plaintiff makes the statement that "Ms. Lewis' jobs duties and responsibilities included duties

---

[8] The Magistrate Judge noted that after Anderson was employed by Horton, Plaintiff "was doing everything that she would normally do."  Prop. Findings 26.

and responsibilities of a CFO." This statement is based on the testimony of Chris Frandsen,[9] who was asked in particular about the completion of only one report (the five-year report). Ex. 26 at 36:14-19. Plaintiff's gloss on that statement to mean that Ms. Lewis was performing CFO duties mischaracterizes Mr. Frandsen's testimony.

Thus, the Court overrules all of Plaintiff's objections in this category.

B.   Magistrate Judge's Analytical Framework

Plaintiff contends that the Magistrate Judge used the wrong framework for her Title VII claims when he applied a generic disparate treatment framework instead of "a more factually appropriate framework" of discriminatory demotion. The basis for this objection is not clear, and the Court assumes that Plaintiff means that the Magistrate Judge should have addressed the pay disparity claim and demotion claim under two different Title VII frameworks.

Judge Torgerson viewed the pay disparity and demotion claims as adverse actions within a Title VII disparate treatment claim. He applied the general analysis for a prima facie case of disparate treatment, requiring a showing by a plaintiff that similarly situated employees were treated differently.[10] As best I can tell, Plaintiff seems to assert that the Magistrate Judge should have used a different framework other than the "similarly situated" framework for Plaintiff's claim of "discriminatory demotion." Without explaining *why* she objects to the "similarly situated" framework within the prima facie case, or why the one applied by the Magistrate Judge is inapplicable, Plaintiff offers one she prefers:

---

[9] Mr. Frandsen is the regional CFO who oversaw certain divisions including NM division.

[10] See n.5, supra. In her response brief, Plaintiff employed this same prima facie framework for her pay discrimination claim. See Doc. 115 at 3. Thus, the Court must assume Plaintiff is objecting only to this framework being used for Plaintiff's demotion claim.

9

> A prima facie showing for "discriminatory demotion" consists of evidence Ms. Lewis was "(1) within the protected ... group; (2) was demoted (3) was qualified for the position at issue; and (4) replaced by a person outside the protected group.

Doc. 115 at 33. However, the cases from which Plaintiff borrows this framework Court are not demotion cases.[11] Thus, it is doubtful that such a framework would apply to Plaintiff's demotion claim, when the evidence does not show that Plaintiff was simply "replaced" by Anderson.

For discriminatory demotion cases, the Tenth Circuit has used a framework for the prima facie case where a plaintiff must show that she was: (1) within a protected group, (2) adversely affected by defendant's employment decision, (3) qualified for the position at issue, (4) and that the job from which he was demoted was not eliminated. Jones v. Denver Post Corp. 203 F.3d 748, 753 (10th Cir. 2000).

In the end, Plaintiff's objection is lame for two reasons. First –the prima facie case is a flexible standard that may be modified to relate to different factual situations. Randle v. City of Aurora, 69 F.3d 441, 451 (10th Cir. 1995). It may be modified when one of the prongs are not applicable. See Tomsic v. State Farm, 85 F.3d 1472 (1996); accord, Randle, 69 F.3d at 451 n.13; Furnco Constr. Corp. v. Waters, 438 U.S. 567, 575 (1978) (McDonnell Douglas test was not meant to be an "inflexible rule" to be applied in all cases); Perry v. Woodward, 199 F.3d 1126, 1134 (10th Cir. 1999), cert denied by 529 U.S. 1110 (2000).[12]

---

[11] See, e.g., Branson v. Price River Coal Co., 853 F.2d 768, 770 (10th Cir. 1988) (ADEA case, plaintiff was offered position but declined it) and Denison v. Swaco Geolograph Co., 941 F.2d 1416, 1420 (10th Cir. 1991) (termination in ADEA case).

[12] In fact, a prima facie case may not require a "similarly-situated person" comparison at all. The Tenth Circuit has noted that courts have framed the relevant element "much more broadly, as requiring a showing of "circumstances giving rise to an inference of discrimination." Salguero v. City of Clovis, 366 F.3d 1168, 1175 (10th Cir. 2004); Hysten v. Burlington N. & Santa Fe Ry. Co., 296 F.3d 1177, 1181 (10th Cir. 2002); Jones v. Denver Post Corp., 203 F.3d 748, 753 (10th Cir. 2000).

Second -- and more critically -- even if Plaintiff's objections in this category were sustained, it would only get Plaintiff past the prima facie case. The Magistrate Judge did not end the analysis there, but continued on, assuming the prima facie case had been met, and ultimately finding that Plaintiff could not prevail on those claims because she failed to show facts from which gender discrimination could be inferred.

A plaintiff can show pretext by pointing out such "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable fact finder could rationally find them unworthy of credence and then infer that the employer did not act for the asserted non-discriminatory reasons." Morgan v. Hilti, 108 F.3d 1319 (10th Cir 1997).

Upon a review of the record, the Court agrees with the Magistrate Judge's finding that Plaintiff failed to present evidence that would lead a reasonable fact finder to conclude that Defendant's actions toward Plaintiff were motivated by gender discrimination.  Plaintiff did not offer any evidence demonstrating these reasons were pretextual.  Plaintiff attempted to argue gender-based motive by pointing out discrepancies in pay between the salaries of the male and female vice-presidents of the Albuquerque/New Mexico division.  However, the record bears out the Magistrate Judge's finding that Plaintiff failed to demonstrate either that the vice-presidents were performing comparable work or that their qualifications and experience were similar.

Plaintiff also objects to Judge Torgerson's finding that Plaintiff and Anderson were not "similarly situated," arguing that the Magistrate Judge "does not specify which legal standard he used" in coming to that conclusion.  This objection is overruled as well.  The Magistrate Judge's analysis could not be much clearer in defining his approach to the "similarly situated" inquiry:

"The Act's basic structure and operation are similarly straightforward." [citing to

> Corning Glass Works v. Brennan, 417 U.S. 188, 195 (1974)] . . . To establish a *prima facie* case under the EPA, the plaintiff has the burden of proving that (1) she was performing work which was substantially equal to that of the male employees considering the skills, duties, supervision, effort and responsibilities of the jobs; (2) the conditions where the work was performed were basically the same; and (3) the male employees were paid more under such circumstances. Tidwell v. Fort Howard Corp., 989 F.2d 406, 409 (10th Cir. 1993) (citations omitted). Under the EPA, the term "equal work" is construed narrowly, and a failure to furnish equal pay for "comparable work" or "like jobs" is not actionable.

Doc. 143 at 29. Judge Torgerson examined the work performed by both Plaintiff and Anderson, using the above standard for determining whether jobs are "similarly situated" -- directly from Tenth Circuit precedent. Thus, Plaintiff's assertion that the Magistrate Judge did not specify what legal standard he used in coming to his conclusion is simply unfounded.

Judge Torgerson found that the evidence presented by Plaintiff came up short. For example, Plaintiff relied on Ferguson's deposition testimony to assert that Ferguson could not state, despite repeated questioning, the differences between Plaintiff's and Anderson's job functions. However, Judge Torgerson remarked that his review of the five pages of deposition testimony relied on by Plaintiff did not show that Ferguson was asked about the differences between Anderson and Plaintiff's job functions and responsibilities.[13] Because my review of Ferguson's deposition testimony leads to the same conclusion, Plaintiff's objections under this category are overruled.

C.     Alleged Error in Magistrate Judge's "Equal Work" Finding under the EPA

Plaintiff objects to the Magistrate Judge's finding that Plaintiff failed to establish a prima facie case under the EPA because she did not show that she and Anderson performed "equal

---

[13] Judge Torgerson also noted that "it was not [the Court's] responsibility to find support for a party's position in the record." Doc. 143, ¶ 53.

work." There is no merit to this objection, either, and it will be overruled as well. The Tenth Circuit does not construe the "equal work" requirement of the EPA broadly. Sprague v. Thorn Americas, Inc., 129 F.3d 1355, 1364 (10th Cir. 1997). Failure to furnish equal pay for "comparable work" or "like jobs" is not actionable. In order to prevail under the EPA, a plaintiff must show that the jobs are "substantially equal" in terms of "skill," "effort," "responsibility," and "working conditions." Id.

The Court has reviewed the same record which was reviewed by the Magistrate Judge, and likewise finds that Plaintiff's job duties not "substantially" equal, particularly in the areas of skills, duties, experience and responsibilities. Plaintiff makes much of particular job duties which she performed, until Anderson took them over (e.g., the preparation of three reports).[14] However, an EPA plaintiff who performs "some of the duties" of her comparators (or whose duties overlap those of her comparators) but does "not perform *all* of those duties" fails to make "a *prima facie* case that the jobs were substantially similar." Miller v. Auto. Club of N. M., Inc., 420 F.3d 1098, 1119 (10th Cir. 2005) (emphasis added), abrogated on other grounds by Burlington N. & Santa Fe Railway. v. White, 126 S. Ct. 2405 (2006).

Plaintiff has the burden of establishing the prima facie case in an EPA claim. Tidwell v. Ft. Howard Corp., 989 F.2d 406, 409 (10th Cir. 1993). Other than the undisputed fact that Anderson took over doing three reports which Plaintiff had formerly completed, there was no evidence that Plaintiff and Anderson performed similar jobs. The Magistrate Judge thus correctly found that the duties and responsibilities of a controller and CFO at Horton were

---

[14] The evidence is undisputed that the completion of these three reports were the only tasks that Anderson took over from Plaintiff; that the preparation of these reports took about 15 to 20 percent of Anderson's time; and that Plaintiff's position was much broader than those reports.

13

different, and that Plaintiff had not met the requirements of a prima facie case. Plaintiff's objections in this regard are overruled.

D.      Findings Regarding EPA Affirmative Defense

Plaintiff objects to the Magistrate Judge's finding that Horton met its burden of demonstrating its affirmative defense to the EPA claim.

Unequal pay for equal work is not be actionable under one of the four exceptions set forth under the Equal Pay Act and which a defendant must prove in order to avoid liability: where such payment is made pursuant to (I) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any factor other than sex. 29 U.S.C. § 206(d)(1). The employer has the burden of proving any one of these exceptions. Tidwell, 989 F.2d at 409.

The Magistrate Judge found that Horton met its burden as a defense to Plaintiff's EPA claim under the fourth exception: that "it paid Anderson more than Lewis because of factors other than Lewis' gender." Prop. Finding 78. Plaintiff's specific objection to this finding is that the Magistrate Judge did not state what factors other than sex Horton relied on in setting Anderson's compensation. This objection is misguided because it is irrelevant to Plaintiff's EPA claim. Judge Torgerson found that Plaintiff was receiving less pay than Anderson due to Anderson's experience, former responsibilities before coming to Horton, as well as the responsibilities and duties he was undertaking at Horton. Unless Plaintiff was getting paid less than Anderson for performing "substantially equal" work – a showing which Plaintiff failed to make – negotiations for salary between Horton and Anderson have absolutely nothing to do with Plaintiff's EPA claim. This objection is overruled.

## Conclusion

The Court has conducted a de novo review of the record, and agrees with the Magistrate Judge's analysis, findings and conclusions regarding Plaintiff's claims. Accordingly, all of Plaintiff's objections to the Magistrate Judge's Proposed Findings and Recommendations are overruled.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Objections (Doc. 144) to the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 143) are hereby OVERRULED, for reasons set out in the above Memorandum Opinion and Order Adopting the Magistrate Judge's Proposed Findings and Recommendation;

**IT IS FURTHER ORDERED** that the Proposed Findings and Recommended Disposition of the United States Magistrate Judge are adopted by the Court. A Judgment will be entered separately.

_____
UNITED STATES DISTRICT JUDGE